UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES | CIVIL ACTION 3-02-2199 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| AGING CARE HOME HEALTH, INC. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Before the court is the government's motion, pursuant to FRCP 12(f), to strike certain defenses set forth by defendants in their answer to the complaint. Doc. 112. On August 15, 2005, the undersigned ruled on some, but not all of the issues presented in the motion to strike, see doc. #117, reserving to the government the right to re-urge the other issues later. A hearing was held on October 5, 2006 on the re-urged motion to strike the remaining defenses set forth in the original motion.

The motion seeks to strike defenses raised in paragraphs 147, 148, 149, 151, 153, 154, 157, 158, and 166 of the defendants' Answer. The ruling of the court follows:

147–GRANTED . The fact that administrative regulations may not have been in place pursuant to Stark II does not prevent enforcement of the terms and provisions of the statute. Indeed, as the government points out, the 5th Circuit had dealt with enforcement of the statute (Stark II) despite the lack of regulations as early as 1997. United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997).

1

148–GRANTED with the recognition of defendants' legal right to file a motion to dismiss based on lack of subject matter jurisdiction at any time.

149–GRANTED. Defendants argue the government's alleged fault in not discovering defendants' alleged wrongdoing earlier and argues that had the government intervened earlier, defendants would not have continued what the government now claims was improper billing. This argument does not raise an issue of mitigation, but is essentially, as defendants' counsel admitted in the hearing, more in the nature of an attempt to assert the government's fault, which is not relevant to the issues in the lawsuit and is not the defense stated in paragraph 149. Further, as to the fraud claims under the False Claims Act, the government has no duty, in any event, to mitigate its losses.

151–GRANTED. The defense of estoppel is unavailable where the government's recovery of public money is concerned. Rosas v. United States, 964 F.2d 351, 360 (5th Cir. 1992). Defense counsel admits he has no contrary legal authority.

153–GRANTED. Defendant's argument is that it is entitled to assert the defense of accord and satisfaction because the administrative agency has already assessed any additional monies owed by defendants as part of the administrative process. The flaw in defendants' reasoning is that one basis of this case is that there was fraud in the obtaining of the funds which the administrative process oversaw. In any event, enforcement of the statute, and recovery of public funds which should not have been paid is separate from and is not prevented by the fact that an administrative body had reviewed the claims. Defendants have presented no evidence or argument that the administrative process even dealt with the compliance, *vel non*, with the Stark statute. In any event, the unauthorized actions of government officials may not form the basis of

a claim of waiver against the United States. See for example, Hicks v. Harris, 606 F.2d 65, 69 (5th Cir. 1979).

154–GRANTED. Defendants assert that, because the contracts with the physicians complied with the technical requirements set forth in the "safe harbor" provisions of the Act, they are immune from liability here. Both the government and defendants are free to present evidence as to whether defendants are protected or not by the safe harbor provisons. However, the mere fact that the contracts themselves may have been in technical compliance with the Act is not determinative on the issue. Defendants, through counsel, admit the correctness of this observation.

157–GRANTED. The defense of laches may not be asserted against the government in its sovereign capacity and defendants, through counsel at the hearing, concede the inapplicability of this defense. United States v. Summerlin, 310 U.S. 414, 416 (1940).

158–GRANTED. The government may not waive its rights without its express consent. See Hicks v. Harris, 606 F. 2d 65, 69 (5th Cir. 1979).

166.–GRANTED. The defendants' asserted defense of the right to a fair trial is a legally insufficient defense as admitted by their counsel at the hearing. All parties to this action will receive a fair trial.

Alexandria, Louisiana, October 6, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE