UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA
*ex rel* ROBERTS, ET AL. CIVIL ACTION NO. 02-2199

VERSUS

AGING CARE HOME HEALTH, INC., ET AL. JUDGE ROBERT G. JAMES
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the Court is the United States of America's ("United States") Motion to Dismiss Counterclaims Pursuant to FRCP 12(b)(1) and/or 12(b)(6)(Doc. Item 244) which was filed on April 7, 2008. Defendants failed to file an opposition to the Motion to Dismiss. The motion, having been referred by the district judge, is currently before the undersigned for report and recommendation.

Facts and Procedural History

Relators, Becky Roberts and Lori Purcell, filed a *qui tam,* or whistle blower, action under the False Claims Act, 31 U.S.C. §§3729-33 alleging the defendants, Aging Care Home Health, Inc. ("Aging Care"), Janice Davis and Otis Davis, knowingly and willfully submitted false claims to the Medicare program.

More than eighteen months later, the United States intervened. On November 8, 2004, after some delay for settlement discussions but no settlement having being reached, the United States filed an Intervenor Complaint (Doc. Item 30) dismissing, without prejudice,

the non-intervened claims of Relators, Roberts and Purcell. In the complaint of intervention, the United States alleged the defendants violated the Stark Act, 42 U.S.C. §1395nn and the Anti-Kickback Act, 42 U.S.C. §1320a-7b(b) by submitting to the Medicare program false certifications and false or fraudulent claims for service which were the product of illegal relationships with five physicians.

On or about February 2, 2005, in response to the filing of the instant lawsuit, the Center for Medicare and Medicaid Services ("CMS") suspended or denied all payments to Aging Care for services rendered to Medicare patients by the physicians who held positions on Aging Care's Professional Advisory Committee. In response, the defendants filed a Motion for Temporary Restraining Order against CMS to cease and desist suspension of payments to Aging Care. The motion was denied by the court for failure to exhaust administrative remedies and, thus, lack of jurisdiction (Doc. Item 77, 78).

Defendants filed their Answer to the complaint of intervention and set forth counterclaims for: conversion, conspiracy to defame, conspiracy to defraud and declaratory and injunctive relief as well as a counterclaim under the Equal Access to Justice Act (Doc. Item 58). The United States and Relators, Roberts and Purcell, each filed a Motion to Dismiss these counterclaims (Doc. Item 81, 89) and the defendants filed a memorandum in opposition thereto on May

27, 2005 (Doc. Item 93). The Court issued its Ruling (Doc. Item 97) on July 15, 2005 dismissing the defendants' counterclaims for injunctive relief, conversion, conspiracy to defame and conspiracy to defraud due to lack of subject matter jurisdiction. The Court allowed the defendants' counterclaim for declaratory relief to remain but re-characterized it as a defense to the main claims. Additionally, the Court dismissed, without prejudice, the defendants' counterclaim under the Equal Access to Justice Act for failure to state a claim upon which relief can be granted.

On December 18, 2007, in response to the United States' Motion for Partial Summary Judgment on Counts I, II, and III (Doc. Item 224), the Court issued a ruling granting the motion and entering judgment in favor of the United States in the amount of $4,692,511.64 (Doc. Items 228, 229).

On February 11, 2008, the United States filed their First Amended complaint of intervention (Doc. Item 236). Defendants answered on March 19, 2008 (Doc. Item 239) and asserted five counterclaims therein. Four of these counterclaims were the same as those asserted in 2005 - conversion, conspiracy to defame, conspiracy to defraud and declaratory and injunctive relief. Defendants also added a fifth counterclaim for recoupment. It is these counterclaims which are the subject of the United States' Motion to Dismiss Counterclaims (Doc. Item 244) and are presently before the undersigned for report and recommendation.

Law and Analysis

In its motion, the United States argues that all five of the defendants' counterclaims should be dismissed for the reasons set forth in its April 19, 2005 motion to dismiss and accompanying memorandum, the instant motion and memorandum and the reasons set forth in the Court's ruling dated July 15, 2005 (Doc. Item 97).

The United States advises that four of the five counterclaims: conversion, conspiracy to defame, conspiracy to defraud and declaratory and injunctive relief, were previously asserted by the defendants and dismissed by the Court for lack of jurisdiction over the subject matter. The undersigned agrees with that statement with the exception of the defendants' counterclaim for declaratory relief.[1]

Counterclaims against the Relators

Defendants' counterclaims for conversion, conspiracy to defraud and conspiracy to defame are identical to those set forth in their February 18, 2005 Answer (Doc. Item 58). In its Ruling on the United States' and Relators' prior Motion to Dismiss Counterclaims, this Court found that these three counterclaims were permissive, rather than compulsory in nature because they failed to meet any part of the four prong compulsory counterclaim test set forth in Underwriters at Interest on Cover Note JHB92M10582079 v.

[1] The Court did not technically dismiss Defendants' counterclaim for declaratory relief. Rather, it properly characterized it as a defense to the main claims.

Nautonix, Ltd., 79 F.3d 480, 483 (5th Cir 1996). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the [counter-claimant] constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)(internal citations omitted). However, the defendants failed to set forth any independent basis for federal jurisdiction. Accordingly, the counterclaims were dismissed for lack of jurisdiction.

Defendants failed to file an opposition to the current Motion to Dismiss and/or produce any evidence to carry their burden of proving this Court has a basis for jurisdiction over these state law claims. Again, having failed to establish any basis for jurisdiction, it is recommended that these three counterclaims be dismissed for lack of jurisdiction over the subject matter.

Injunctive and Declaratory Relief

Defendants also reassert their counterclaim for injunctive and declaratory relief. The Court previously disposed of the counterclaim for injunctive relief finding that the primary goal it sought to achieve was the same as that sought in the defendants motion for preliminary injunction which had been denied for lack of jurisdiction. The Court determined that the defendants had not demonstrated a change in circumstance regarding jurisdiction since it dismissed the request for a preliminary injunction. Therefore,

there was still no basis for jurisdiction and the counterclaim for injunctive relief was dismissed.

Again, the defendants have failed to provide any argument or evidence proving that this Court has jurisdiction over its counterclaim for injunctive relief. Accordingly, it is recommended that the counterclaim be dismissed.

Additionally, there is no evidence submitted by either party that the Court should not continue to characterize the defendants counterclaim for declaratory relief as a defense to the main claim. Therefore, it is further recommended that the counterclaim be properly considered a defense rather than a counterclaim.

Recoupment

Finally, the defendants assert the claim of recoupment against the government for suspension of their Medicare reimbursement and contend that they exhausted their administrative remedies with respect to this matter. Specifically, they state they presented the issue to the Secretary of Health and Human Services ("Secretary") pursuant to 42 U.S.C. §405(g)and (h).

The Medicare Act, 42 U.S.C. §1395, establishes a federally subsidized health insurance program that is administered by the Secretary. The jurisdiction of a federal court to review a claim arising under the Medicare Act is conferred by 42 U.S.C. §402(g) which, as made applicable to the Medicare Act by 42 U.S.C. §1395ff, provides: "[a]ny individual, after a final decision of the

[Secretary] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow." 42 U.S.C. §405(g); see also 42 U.S.C. §1395ff.

42 U.S.C. §405(g) is the sole means of obtaining judicial review of a claim arising under the Medicare Act and 42 U.S.C. §405(h), as incorporated by 42 U.S.C. §1395ii, bars judicial review in any manner other than that set forth in Section 405(g). Accordingly, one must exhaust the administrative remedy provided by the Secretary before judicial review can be had. In order to determine whether a court has jurisdiction, a two prong test must be satisfied. First, there must be presentment of the claim to the Secretary, and second, the claimant must have exhausted his claim through all designated levels of administrative review. Matthews v. Eldridge, 424 U.S. 319, 328 (1976).

Defendants failed to respond to the Motion to Dismiss; therefore, there is no additional argument or evidence before the court as to how they exhausted their administrative remedies.[2]

Though the defendants do not currently assert how it is they

[2] Defendants previously asserted arguments regarding how they exhausted their administrative remedies in their Motion for Preliminary Injunction and in response to the United States' and the Relators' prior Motion to Dismiss Counterclaims.

exhausted their administrative remedies, they previously argued their letter dated February 2, 2005 petitioning the Secretary to order reimbursement pending resolution of the instant lawsuit constituted presentment of their claim to the Secretary. Additionally, they argued that they submitted a rebuttal statement, by letter dated April 19, 2005, to an appropriate intermediary pursuant to 42 C.F.R. §405.372(b)(2) and this was the last step to take in the administrative remedy process.

As previously determined by the district judge, the February 2, 2005 letter to the Secretary petitioning for reimbursement satisfies the first part of the two prong test. However, the rebuttal statement does not constitute exhaustion of all administrative remedies. Title 42 of the Code of Federal Regulations provides regulations for the administrative review of suspensions. 42 C.F.R. §405.370, et seq. A suspension is defined as a "withholding of payment by an intermediary or carrier of an approved Medicare payment amount." 42 C.F.R. §405.370. Suspension of payments may be authorized when "the intermediary, or the carrier possesses reliable information that an overpayment or fraud or willful misrepresentations exists. 42 C.F.R. §405.371(a). Additionally, 42 C.F.R. §405.375(c) expressly states that a determination made by an intermediary or a carrier of a rebuttal statement submitted by a provider or supplier "is not an initial determination and is not appealable."

As the defendants have failed to show any action taken beyond the submission of their April 19, 2005 rebuttal statement, they have not shown exhaustion of their administrative remedies. Defendants did not show their claims were subsequently denied and/or that they pursued further administrative appeals. Accordingly, this Court lacks subject matter jurisdiction and the claim for recoupment should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the United States' Motion to Dismiss Counterclaims be GRANTED and the defendants' counterclaims for conversion, conspiracy to defame, conspiracy to defraud, injunctive relief and recoupment be DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 2nd day of June, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE